# EXHIBIT 5

El Paso County - 120th District Court

Filed 1/11/2021 2:19 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0107

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| VICTOR ORDONEZ, § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. 2020-DCV-_____ |
| § | |
| CALVIN KEITH AUSBY, and CAROLINA § | |
| CARGO FREIGHT EXPEDITERS LLC., § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES VICTOR ORDONEZ, (hereinafter referred to as "Plaintiff"), complaining of CALVIN KEITH AUSBY, (hereinafter sometimes referred to as Defendant "AUSBY") and CAROLINA CARGO FREIGHT EXPEDITERS LLC, (hereinafter sometimes referred to as Defendant "CAROLINA CARGO) and for cause of action shows unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Pursuant to Rule 190, Plaintiff intends that discovery be conducted under Level 2.

### II. PARTIES AND SERVICE

Plaintiff, VICTOR ORDONEZ, is a resident of El Paso County, Texas and the last three digits of his Driver's License 098.

Defendant, CALVIN KEITH AUSBY, is a resident of Suffolk, Virginia, doing business in the State of Texas by contracting by mail or otherwise with a Texas resident. Whereby either party is to perform the contract in whole or in part in this State, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state.

1

Defendant is not required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non-resident. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, CALVIN KEITH AUSBY may be served with process by serving him at 114 Nancy Dry #2058 Suffolk, VA 23434 and/or wherever he may be found.

Defendant CAROLINA CARGO is doing business in the State of Texas by contracting by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non-resident. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, CAROLINA CARGO FREIGHT EXPEDITERS LLC., 2310 Crowder Rd Rockhill, SC 29230 and/or wherever they may be found.

### III. JURISDICTION AND VENUE

1. The subject matter in controversy is within the jurisdictional limits of this Court.
2. This Court has jurisdiction over the parties because Plaintiff is a Texas resident.
3. Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in El Paso County, Texas.

## IV. FACTS

The injuries and damages suffered by the Plaintiff made the basis of this action arose out of an occurrence on or about January 22, 2019 at approximately 9:49 PM in El Paso County, Texas. At such time and place, Plaintiff was traveling East on the third lane on the I-10 Freeway: a six-lane, highway in El Paso County, Texas. A vehicle owned by Defendant, CAROLINA CARGO, being driven by Defendant, AUSBY while in the course and scope of his employment with Defendant, CAROLINA CARGO was driving on the I-10 Freeway in the second lane. Defendant, AUSBY failed to drive in his single lane when he suddenly and without warning crashed into the left rear side of Plaintiff's vehicle. As a direct and proximate result of this incident, Plaintiff suffered serious personal injuries and substantial property damage.

## V. CAUSES OF ACTION

### A.  NEGLIGENCE – DEFENDANT, CALVIN KEITH AUSBY

Defendant, AUSBY owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and his damages were proximately caused by the negligence of Defendant, AUSBY arising from one or more of the following alternative theories of negligence:

1. Driving reckless in violation of Tex. Transp. Code Ann. § 545.401;
2. Failure to change lanes in a safe manner;
3. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351;
4. Failure to safely apply brakes to avoid an incident;
5. Failure to honk and give adequate warning of the impending danger;
6. Failure to pay attention;
7. Failure to take proper evasive action;
8. Failure to use due care and caution under the circumstances then existing;
9. Failure to use due care in operating a motor vehicle. (Tex. Transp. Code §545.351);
10. Other acts of negligence.

Each of which acts, or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts, or omissions was a proximate cause of Plaintiff's injuries and damages.

B.  NEGLIGENCE PER SE – DEFENDANT, CALVIN KEITH AUSBY

Said collision and Plaintiff's damages were proximately caused by Defendant, AUSBY's violations of the laws of the State of Texas and of the United States of America constituting negligence per se. At the time of the motor vehicle collision, Defendant, AUSBY was operating said vehicle in violation of Texas Transportation Law. Specifically, Defendant, AUSBY violated the following provisions of Texas Transportation Law:

1. Unsafe driving;
2. Failure to stay in his designated lane;
3. Driving reckless in violation of Tex. Transp. Code Ann. § 545.401;
4. Failure to turn in a safe manner;
5. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351;
6. Failure to safely apply brakes to avoid an incident;
7. Failure to honk and give adequate warning of the impending danger;
8. Failure to pay attention;
9. Failure to take proper evasive action;
10. Failure to use due care and caution under the circumstances then existing;
11. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351;
12. Other acts of negligence.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

C.  RESPONDEAT SUPERIOR – DEFENDANT, CAROLINA CARGO FREIGHT EXPEDITERS LLC.

At all times relevant to this action, Defendant, AUSBY was in the course and scope of his employment and/or agency with Defendant, CAROLINA CARGO, thereby making Defendant, CAROLINA CARGO vicariously liable under the doctrine of *respondeat superior* for the negligent acts of Defendant, AUSBY, described-above which singularly or in combination proximately caused the motor vehicle collision and resulting injuries and damages of Plaintiff.

Plaintiff hereby asserts the theory of *respondeat superior* of Defendant, CAROLINA CARGO and its liability for the negligent and reckless conduct of Defendant, AUSBY and/or other employees/agents acting within the course and scope of their employment and/or agency.

Said collision and Plaintiff's injuries and damages described above were proximately caused by Defendant, CAROLINA CARGO employee/agent's violation of the laws of the State of Texas and of the United States of America, constituting negligence per se. As a result of said negligence described above that proximately caused Plaintiff's damages, Defendant, CAROLINA CARGO and Defendant, AUSBY, are liable to Plaintiff.

**D. NEGLIGENT HIRING, QUALIFYING, SUPERVISION, ENTRUSTMENT, TRAINING, AND RETENTION – DEFENDANT, CAROLINA CARGO**

At all times relevant to this action, Defendant, CAROLINA CARGO, had certain duties, including those imposed by regulations and other industry standards and practices, in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant, AUSBY. Defendant, CAROLINA CARGO was negligent in failing to take reasonable steps to ensure that these duties were met. As a proximate result of their negligence, Plaintiff, VICTOR ORDONEZ, suffered serious personal injuries and substantial property damage, arising from one or more of the following alternative theories of negligence:

1. That on January 22, 2019, Defendant, CAROLINA CARGO was negligent by entrusting the control and operation of the motor vehicle, which was under its control, to Defendant, AUSBY.
2. Allowing Defendant, AUSBY, to operate the vehicle on the public streets of El Paso County, Texas, and in particular at the location referred to above, when they knew or should have known that Defendant, AUSBY, was unfit and unskilled to operate the vehicle;
3. Failing to properly train, supervise and educate its drivers;
4. Failing to properly screen its applicants for driver certification;
5. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;
6. Failure to adequately communicate orders, instructions, and directions;
7. Other acts of negligence that may be established through discovery in the case.

## VI. DAMAGES

As a direct and proximate result of the occurrence, Plaintiff suffered severe bodily injuries and substantial property damage. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a further result of the occurrence, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future. Plaintiff suffered lost wages in the past and will suffer lost wages and loss of earning capacity in the future.

Plaintiff, prior to the occurrence was in good health. However, as a result of the occurrence, Plaintiff now is suffering with emotional and physical distress that will need medical attention in the future which will include Physical, Occupational, and Speech therapies. Plaintiff has suffered damages within the jurisdictional limits of this Court.

## VII. DAMAGES TO PERSONAL PROPERTY

Plaintiff would show that as a direct and proximate result of Defendants' negligence, and each of them, Plaintiff's vehicle was damaged. Plaintiff seeks compensation for his property damage, as well as compensation for the loss of use of his vehicle and compensation for the diminished value of his vehicle.

## IX. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty-one (51) days of the service of this request.

## X. PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:  /s/ Victor J. Bieganowski  .
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff*

El Paso County - 120th District Court

Filed 1/11/2021 2:19 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0107

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | |
|---|---|
| VICTOR ORDONEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN KEITH AUSBY, and CAROLINA CARGO FREIGHT EXPEDITERS LLC.,<br><br>Defendants. | § § § § § § § § § § § § Cause No. 2020-DCV-_____ |

## REQUEST FOR ADMISSIONS

TO: **DEFENDANT, CAROLINA CARGO FREIGHT EXPEDITERS LLC.,**

Pursuant to the Texas Rule of Civil Procedure 198, you are required to make a written response to these requests **FIFTY-ONE (51) DAYS** after service:

(1) Admit the truth of any matter within the scope of discovery.

(2) Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3) Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4) Admit or deny each of the attached requests for admissions.

**You are also instructed as follows:**

(1) Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2) Your response must fairly meet the substance of the request.

(3) You may qualify an answer, or deny a request in part, only when good faith requires.

(4) Lack of information or knowledge is not a proper response unless you state that a reasonable

1

inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny.

(5) An assertion that the request presents an issue for trial is not a proper response.

(6) You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order.

(7) If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiff's attorney(s).

(8) Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put on notice that Pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

Respectfully submitted,

VICTOR J. BIEGANOWSKI, P.C.
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By: /s/ Victor J. Bieganowski .
VICTOR J. BIEGANOWSKI
State Bar No. 02301100
*Attorney for Plaintiff*