# EXHIBIT 8

El Paso County - 120th District Court

Filed 1/11/2021 2:19 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0107

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| VICTOR ORDONEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-_____ |
| | § | |
| CALVIN KEITH AUSBY, and CAROLINA | § | |
| CARGO FREIGHT EXPEDITERS LLC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG

**TO:**      **DEFENDANT, CAROLINA CARGO FREIGHT EXPEDITERS LLC.,**

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore, pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT: VICTOR J. BIEGANOWSKI P.C.,** 801 Myrtle Ave. Suite 100, El Paso, Texas 79901.

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted. Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

1

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections,** is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

**NOTE:   For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request**.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:      _/s/  Victor J. Bieganowski___ .
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Victor Ordonez*

3

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to CAROLINA CARGO FREIGHT EXPEDITERS LLC.

**RESPONSE:**

**REQUEST NO. 2:**   A copy of each document retention policy in effect for CAROLINA CARGO FREIGHT EXPEDITERS LLC. at any time between the time of the collision in question and present.

**RESPONSE:**

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision in question.

**RESPONSE:**

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the collision in question.

**RESPONSE:**

**REQUEST NO. 5:**   All documents setting forth the relationship between Defendant, AUSBY and CAROLINA CARGO FREIGHT EXPEDITERS LLC. This includes, but is not limited to all leases, employment contracts, and independent vehicle agreements and other contracts, agreements, termination letters, intent to hire/promise of employment, job descriptions, company hiring guidelines, requirements and standards, personnel files and company retention guidelines, requirements, standards, memorandum and the like.

**RESPONSE:**

**REQUEST NO. 6:**   The contents of Defendant, AUSBY's employment qualification file, driver investigation file, driver history file and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**RESPONSE:**

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Defendant, AUSBY, including without limitation any investigation of Defendant, AUSBY's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with CAROLINA CARGO FREIGHT EXPEDITERS LLC.

4

**RESPONSE:**

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Defendant, AUSBY.

**RESPONSE:**

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Defendant, AUSBY.

**RESPONSE:**

**REQUEST NO. 10:**   All documents that relate in any way to any orientation provided by CAROLINA CARGO FREIGHT EXPEDITERS LLC. to Defendant, AUSBY.

**RESPONSE:**

**REQUEST NO. 11:**   All documents that relate in any way to training of Defendant, AUSBY. This includes but is not limited to all documents that show all training received by Defendant, AUSBY; when, where and who provided the training and all materials used for training.

**RESPONSE:**

**REQUEST NO. 12:**   All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of CAROLINA CARGO FREIGHT EXPEDITERS LLC. to Defendant, AUSBY at any time. An answer key should also be provided.

**RESPONSE:**

**REQUEST NO. 13:**   Copies of all documents (a) explaining how Defendant, AUSBY was compensated for the one month leading up to and including the date of the collision in question and extending one week after the date of the collision in question; and (b) showing any detention of wages over the same time period.

**RESPONSE:**

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to Defendant, AUSBY (regardless of name used) in your possession, custody and/or control.

**RESPONSE:**

**REQUEST NO. 15:**   All documents placing you on notice of any violation by Defendant, AUSBY of any law, ordinance or regulation.

**RESPONSE:**

**REQUEST NO. 16:**   All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Defendant, AUSBY in your possession, custody and/or control.
**RESPONSE:**

**REQUEST NO. 17:**   A copy of all documents relating to any violation of any safety rule or principle by Defendant, AUSBY at any time.

**RESPONSE:**

**REQUEST NO. 18:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of CAROLINA CARGO FREIGHT EXPEDITERS LLC.  directed to Defendant, AUSBY for the purpose of teaching, training, re-training, counseling, disciplining, correcting or otherwise managing Defendant, AUSBY in any way relating to the safe performance of roadside maintenance.  This includes but is not limited to all disciplinary actions and
the contents of all disciplinary folders or files of any kind by whatever name called.

**RESPONSE:**

**REQUEST NO. 19:**   A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Defendant, AUSBY has been involved.

**RESPONSE:**

**REQUEST NO. 20:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle that Defendant, AUSBY was operating at the time of the collision in question, produce all documents reflecting usage and billing for the time period time period beginning 48 hours before the collision in question and ending 48 hours after the collision in question.  This includes all devices, whether owned by Defendant, AUSBY or not, and whether it was in use at the time of the collision in question or not.

**RESPONSE:**

**REQUEST NO. 21:**   Copies of all documents prepared by Defendant, AUSBY that describes the collision in question or the circumstances leading up to the subject incident.

**RESPONSE:**

**REQUEST NO. 22:**   All documents evidencing any evaluation of the driving abilities, qualifications, safety, and/or performance of Defendant, AUSBY that has not been produced in response to the preceding Requests.

**RESPONSE:**

**REQUEST NO. 23:**   A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing

6

Defendant, AUSBY in any way, that has not been produced in response to other Requests above.

**RESPONSE:**

**REQUEST NO. 24:**   A copy of all Defendant, AUSBY's hours of service logs and any other driving logs and/or time sheets for the period beginning 180 days before the collision in question and ending 7 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 25:**   A copy of all audits and summaries of Defendant, AUSBY's hours of service covering the period beginning one year prior to the collision in question and ending 14 days following the collision in question.

**RESPONSE:**

**REQUEST NO. 26:**   For the vehicle involved in the collision in question, produce the following documents:
   a)  Title;
   b)  Registration;
   c)  Operators manual;
   d)  Maintenance Schedules;
   e)  All documents evidencing maintenance performed on the vehicle at any time within 6 months before the collision in question;
   f)  All documents evidencing any inspections of the vehicle during the 6 months before the collision in question;
   g)  All documents evidencing any repairs and/or modifications to the vehicle at any time within 6 months before the collision in question;
   h)  All documents evidencing any repairs made to the vehicle as a result of the subject collision (including insurance submissions);
   i)  All leases involving the vehicle;
   j)  Documents evidencing the purchase of the vehicle;
   k)  Documents evidencing the sale of the vehicle if it has been sold;
   l)  Documents evidencing mileage and weight at time of the collision in question; and
   m) Copies of each and every logbook, ledger, file or the like maintained for any reason regarding the vehicle.

**RESPONSE:**

**REQUEST NO. 27:**  Produce copies of all e-mails between Defendant, AUSBY and CAROLINA CARGO FREIGHT EXPEDITERS LLC. for the time period beginning 90 days prior to the collision in question and present.

**RESPONSE:**

**REQUEST NO. 28:**  If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**RESPONSE:**

**REQUEST NO. 29:**  To the degree that it has not been produced in response to other Requests above, produce all data of any kind that was recovered from the vehicle and/or anything inside or connected to any part or system of the vehicle that was involved in the collision in question.

**RESPONSE:**

**REQUEST NO. 30:**  A copy of each out of service report or violation concerning the vehicle involved in the collision in question from the period beginning one year prior to the collision in question through present.  This request includes any supplements, responses, amendments and dispositions regarding any violation.

**RESPONSE:**

**REQUEST NO. 31:**  Produce all documents evidencing damage to any vehicle or other property as a result of the collision in question, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the collision in question.

**RESPONSE:**

**REQUEST NO. 32:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for appraisals,  property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

**REQUEST NO. 33:**  A copy of every document related to any investigation done by or on behalf of CAROLINA CARGO FREIGHT EXPEDITERS LLC. of the scene of the collision in question.

**RESPONSE:**

**REQUEST NO. 34:**  All documents authored by anyone working for or on behalf of CAROLINA CARGO FREIGHT EXPEDITERS LLC. that set forth any facts relating to the collision in question.

**RESPONSE:**

**REQUEST NO. 35:**  All documents that explain what caused the collision in question.

**RESPONSE:**

**REQUEST NO. 36:**  All documents assessing preventability of and/or fault for the collision in question.

**RESPONSE:**

**REQUEST NO. 37:**  If the scene of the collision in question was mapped (with a total station or other survey equipment) within 14 days of the collision in question, please produce a copy of the survey data files and all diagrams produced therefrom.

**RESPONSE:**

**REQUEST NO. 38:**  Copies of all photographs, video, computer simulations, and any other documents depicting:
   a) Any vehicle involved in the collision in question;
   b) Any person involved in the collision in question;
   c) The scene of the collision in question; and/or
   d) Any evidence (roadway markings or other) relevant to the collision in question.

**RESPONSE:**

**REQUEST NO. 39:**  Copies of all reports relating to the collision in question including those prepared by Defendant, AUSBY and those prepared by anyone working for or on behalf of CAROLINA CARGO FREIGHT EXPEDITERS LLC. (except lawyers).

**RESPONSE:**

**REQUEST NO. 40:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision in question.

**RESPONSE:**

**REQUEST NO. 41:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

**RESPONSE:**

**REQUEST NO. 42:**  Copies of all documents sent to or received from any governmental agency regarding the collision in question, the driver involved in the collision in question, or any subject that is part of the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 43:**  Copies of all CAROLINA CARGO FREIGHT EXPEDITERS LLC.
policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were
in effect at the time of the collision in question, relating to:

    a)  Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);
    b)  Operation of a work vehicle;
    c)  Driving safety;
    d)  Defensive driving;
    e)  Compliance with federal and state laws and regulations;
    f)  Accident investigation;
    g)  Accident review boards;
    h)  Determination of preventability of accidents;
    i)  Hiring, retaining, training and supervising drivers; and
    j)  Disciplinary actions;
    k)  Copies of any other manuals, guidelines, rules, regulations, and other documents of any
        kind that are furnished and/or adopted (whether formal or informal) by the company in
        connection with the work performed by its operational personnel (e.g. dispatchers, safety
        managers, log auditors).

**RESPONSE:**

**REQUEST NO. 44:**  Copies of each document that Defendant, AUSBY signed to prove that
Defendant, AUSBY received and/or agreed to be bound by any policies, procedures, rules,
guidelines and/or standards of CAROLINA CARGO FREIGHT EXPEDITERS LLC., including
his driver's license.

**RESPONSE:**

**REQUEST NO. 45:**  To the degree that CAROLINA CARGO FREIGHT EXPEDITERS LLC.
has any rules, policies, procedures, guidelines, driving manuals, employee handbooks or
manuals, or other similar documents that were not provided to Defendant, AUSBY before the
collision in question, please produce.

**RESPONSE:**

**REQUEST NO. 46:**  A complete copy of, or in the alternative, access to, each driver safety
training film, video, videotape, videocassette, audio cassette, computer program, simulator,
driver diagnostic record or test, maintained by your company, or used by CAROLINA CARGO
FREIGHT EXPEDITERS LLC., its personnel, agents, or employees during the year of the
collision in question and three years prior.

**RESPONSE:**

**REQUEST NO. 47:**  Copies of all industry and/or other guidelines and/or practices that you
rely upon to support your contentions in this case.

**RESPONSE:**

**REQUEST NO. 48:**  Copy of documents showing the hierarchy of managerial positions at CAROLINA CARGO FREIGHT EXPEDITERS LLC. and who occupied such positions as of the time of the subject incident and presently.

**RESPONSE:**

**REQUEST NO. 49:**  A copy of each document (including articles and presentations) prepared and/or presented by any CAROLINA CARGO FREIGHT EXPEDITERS LLC. representative relating to the safe operation of a motor vehicle for the past five years.

**RESPONSE:**

**REQUEST NO. 50:**  All company newsletters distributed/authored during the time period beginning two years before the collision in question and present.

**RESPONSE:**

**REQUEST NO. 51:**  Copies of any contract under which your company was operating the vehicle in question at the time of the collision in question.

**RESPONSE:**

**REQUEST NO. 52:**  Transcripts or recordings of all depositions of corporate designees for CAROLINA CARGO FREIGHT EXPEDITERS LLC. given in the past five years in cases where it was alleged that a driver working for CAROLINA CARGO FREIGHT EXPEDITERS LLC. caused injury or death to another person.

**RESPONSE:**

**REQUEST NO. 53:**  Copies of all documents putting any third party on notice of a claim arising from the collision in question

**RESPONSE:**

**REQUEST NO. 54:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

**RESPONSE:**

**REQUEST NO. 55:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:
   a) A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b) A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;
c) A copy of the entire file of said expert;
d) A current résumé or curriculum vitae for said expert; and
e) All billing records and work logs for said expert.

**RESPONSE:**

**REQUEST NO. 56:**  A copy of any and all documents and other materials which support any contention that the collision in question was the fault of anyone other than the Defendants.

**RESPONSE:**

**REQUEST NO. 57:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 58:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision in question, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 59:**  Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

**REQUEST NO. 60:**  If any surveillance of Plaintiff has been undertaken by or on behalf of CAROLINA CARGO FREIGHT EXPEDITERS LLC., produce a copy of all reports, photographs, video and anything else generated through that investigation.

**RESPONSE:**

**REQUEST NO. 61:**  Please provide copies of any and all documents from any and all claims and/or lawsuits filed against you which arise from this incident involving any and all of the parties involved in this lawsuit. This should include any and all pleadings, discovery, requests, answers and depositions.

**RESPONSE:**

**REQUEST NO. 62:**  Complete DOT file and investigation on this incident, including all statements and photographs concerning the incident in question.

**RESPONSE:**

**REQUEST NO. 63:**  All OSHA Form 200/300 reports for the years 2017-2019.

**RESPONSE:**

**REQUEST NO. 64:**  All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to a notice of claim by defendant.

**RESPONSE:**

**REQUEST NO. 65:**  All documents evidencing annual inquiry and reviews of Defendant AUSBY's driving record in compliance with Federal Motor Carrier Regulations Part 391.25.

**RESPONSE:**

**REQUEST NO. 66:**  All Driver's Certification of Records of Violations kept for Defendant AUSBY in compliance with Federal Motor Carrier Regulations Part 391.27.

**RESPONSE:**

**REQUEST NO. 67:**  Copy of Defendant AUSBY's Medical Examiner's Certificate qualifying Defendant AUSBY to operate a commercial motor vehicle during the time of this incident.

**RESPONSE:**

**REQUEST NO. 68:**  Copy of all DAC reports received for Defendant AUSBY prior to allowing him to drive your commercial motor vehicle.

**RESPONSE:**

**REQUEST NO. 69:**  Copy of the driver investigation history file on Defendant AUSBY in compliance with Federal Motor Carrier Regulations Part 391.53.

**RESPONSE:**

**REQUEST NO. 70:**  Gas receipt records for 8 weeks preceding and including the date of collision.

**RESPONSE:**

**REQUEST NO. 71:**  Any contract, agreement, franchise agreement or other tangible items involving your relationship between Defendant AUSBY and any related CAROLINA CARGO FREIGHT EXPEDITERS LLC. entity.

**RESPONSE:**

**REQUEST NO. 72:**  Any safety inspection checklist of the equipment in question.

**RESPONSE:**

**REQUEST NO. 73:**  Any safety meeting minutes showing Defendant AUSBY attended a safety meeting.

**RESPONSE:**

**REQUEST NO. 74:**  All rules, regulations, and standards (including federal, state, governmental, contractual, and company) relating to the vehicle and driver.

**RESPONSE:**

**REQUEST NO. 75:**  All notices, citations, letters, demands, applications, court orders, findings, and other tangible items from or to any governmental entity concerning the job, the equipment, DOT notices, and safety violations for the vehicle and persons in question.

**RESPONSE:**

**REQUEST NO. 76:**  Any correspondence, memorandum, or reports from any other person concerning the occurrence or injury involving Plaintiff.

**RESPONSE:**

**REQUEST NO. 77:**  Any statement, report, correspondence, or records made by Defendant, Plaintiff, or any other Defendant (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

**RESPONSE:**

**REQUEST NO. 78:**  Bills of lading, trip records, invoices, and loan documents and description and any contracts therein for the trip in question.

**RESPONSE:**

**REQUEST NO. 79:**  Dispatcher's records concerning the trip in question and any report of accident.

**RESPONSE:**

**REQUEST NO. 80:** Any report to the State of Texas, ICC, or DOT concerning this incident.

**RESPONSE:**

**REQUEST NO. 81:** Copy of your application for operating authority (Form OP-I or OP-2).

**RESPONSE:**

**REQUEST NO. 82:** Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

**RESPONSE:**

**REQUEST NO. 83:** Copy of your completed Safety Certification for Application for US DOT Number, Form MCS-150A filed with the US Department of Transportation Federal Motor Carrier Safety Administration.

**RESPONSE:**

**REQUEST NO. 84:** Copy of your completed Combined Motor Carrier Identification Report and Hazardous Material Permit Application, Form MCS 1508 filed with the US Department of Transportation Federal Motor Carrier Safety Administration.

**RESPONSE:**

**REQUEST NO. 85:** The Declaration Sheet and policy of insurance insuring Defendant in this case, including trailer in insurance coverage, together with any reservation of rights, declining of coverage and all excess/umbrella policies.

**RESPONSE:**

**REQUEST NO. 86:** All statements made by any person involving this claim.

**RESPONSE:**

**REQUEST NO. 87:** Any suspensions, revocations, or notice thereof, and all related documents concerning Defendant AUSBY's license(s) to operate motor vehicles.

**RESPONSE:**

**REQUEST NO. 88:** Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

**RESPONSES:**

**REQUEST NO. 89:**  Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witnesses identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**RESPONSES:**

**REQUEST NO. 90:**  For Texas and New Mexico for two years prior to the incident in question, for each notice, claim, complaint, and lawsuit where it was alleged that a driver of your vehicle rear ended a vehicle, failed to maintain an assured clear distance or failed to control speed on a freeway collision provide the following:
   a) Copy of all incident reports, accident reports, and investigative files;
   b) Copies of all pleadings, judgements, and settlements thereon;
   c) Copy of all claim letters; and
   d) Any claim file.

**RESPONSE:**

**REQUEST NO. 91:**  Qualcom, People net, or similar electronic records on this truck for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 92:**  Data Com records on this driver and truck for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 93:**  Load records on this truck for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 94:**  DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to, and including this incident.

**RESPONSE:**

**REQUEST NO. 95:**  Dispatcher's report and log for this truck and driver for a period beginning 30 days prior to, up to, and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 96:** Copies of your commercial license DOT permit issued by any state or governmental entity.

**RESPONSE:**

**REQUEST NO. 97:** Bonuses paid to Defendant AUSBY during his employment time with Defendant CAROLINA CARGO FREIGHT EXPEDITERS LLC.

**RESPONSE:**

**REQUEST NO. 98:** Citation determination for date of incident.

**RESPONSE:**

**REQUEST NO. 99:** Defendant AUSBY's personal and business cellphone records for 24 hours before through 24 hours after this incident.

**RESPONSE:**

**REQUEST NO. 100:** CAROLINA CARGO FREIGHT EXPEDITERS LLC.'s determination letter to Defendant AUSBY.

**RESPONSE:**

**REQUEST NO. 101:** Suspension records on Defendant AUSBY's CDL and Driver's license.

**RESPONSE:**

**REQUEST NO. 102:** Weekly settlements for Defendant AUSBY for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 103:** DOT audit results from CAROLINA CARGO FREIGHT EXPEDITERS LLC. drivers understanding of rules and regulations of the company.

**RESPONSE:**

**REQUEST NO. 104:** Audit results of driver's logs.

**RESPONSE:**
**REQUEST NO. 105:** Random audit reports for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

17

**REQUEST NO. 106:**  Quarterly safety meeting agenda, sign-in sheets, and any notes for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 107:**  Defendant AUSBY's dispatch reports for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 108:**  Defendant AUSBY's fuel receipts for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 109:**  Defendant AUSBY's bills of lading for 8 months prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 110:**  DataQ challenges for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 111:**  Management Safety Meetings for 3 years prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 112:**  Route sheets for Defendant AUSBY for 1 year prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 113:**  Window times for Defendant AUSBY for 1 year prior and up to the date of the incident in question.

**RESPONSE:**

**REQUEST NO. 114:**  Produce any and all records kept for each transaction made in the past 3 years.

**RESPONSE:**

18

**REQUEST NO. 115:**  Produce any and all master lists of consignors.

**RESPONSE:**

**REQUEST NO. 116:**  Produce the registration number of the carrier for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 117:**  Produce the name and address of the consignor for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 118:**  Produce the name, address, and registration number carrier for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 119:**  Produce any and all records reflection the compensation for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 120:**  Provide the name of the payer for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 121:**  Provide the non-brokerage description for the trip made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 122:**  Produce any and all freight charges for the trip made the basis of this suit.

**RESPONSE:**

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
### WITHIN 30 DAYS OF SERVICE

Privilege Log: If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:

(a)   Detail the privilege asserted;

(b)   The title of the document(s) upon which the privilege is asserted;

(c)   The General substance of the document(s) upon which you claim there is a privilege;

(d)   Identify the location and custodian of the document(s)

(e)   Brief Description why, in your view, the privilege shields the document from discovery;

(f)   Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.