UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VICTOR ORDONEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CALVIN KEITH AUSBY and | § | **EP-21-CV-00077-DCG** |
| CAROLINA CARGO FREIGHT | § | |
| EXPEDITERS, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Defendants Calvin Keith Ausby and Carolina Cargo Freight Expediters, LLC move for summary judgment on some, but not all, of Plaintiff Victor Ordonez's claims. Mot., ECF No. 55; Reply, ECF No. 63. Ordonez opposes Ausby and Carolina Cargo's Motion. Resp., ECF No. 61. Because Ordonez's direct negligence claims against Carolina Cargo and negligence per se claims against Ausby fail as a matter of law, the Court **GRANTS** Ausby and Carolina Cargo's Motion for Partial Summary Judgment.

## I.   INTRODUCTION

### A.  Factual Background[1]

On January 22, 2019, Ordonez and Ausby were involved in a car accident.[2] Traveling at night, Ordonez was driving east on I-10 in El Paso County.[3] Ausby, who was driving a

---

[1] The facts are undisputed unless stated otherwise.

[2] *E.g.*, Police Officer's Crash Report, Resp. Ex. 2, ECF No. 61-1, at 1–4. Note: The Court's citations to the record refer to the documents' internal pagination, not the page numbers assigned by CM/ECF.

[3] *Id.  Compare* Original Pet., ECF No. 2-7 at 3 (allegation), *with* Answer, ECF No. 5 ¶ 4 (admission).

semitruck under the employ of Carolina Cargo,[4] was also driving on I-10 in the same direction as Ordonez.[5]  Coming from behind Ordonez, Ausby struck Ordonez's vehicle.[6]  Ordonez alleges the crash resulted in "serious personal injuries and substantial property damage."[7]

### B.  Procedural Background

Alleging negligence on the part of Ausby and Carolina Cargo, Ordonez filed his case in the 120th District Court in El Paso County, Texas.  *See generally* Original Pet.  Invoking diversity jurisdiction, Ausby and Carolina Cargo removed the case to federal court.  *See* Notice Removal, ECF No. 1; Corrected Notice Removal, ECF No. 2.  Ausby and Carolina Cargo timely moved for partial summary judgment on Ordonez's direct negligence claims against Carolina Cargo and negligence per se claims against Ausby.[8]  *See generally* Mot.  Their Motion is now ripe for this Court's review.

## II.   DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.

---

[4] Stipulation, Mot. Ex. B, ECF No. 55 (stipulating that Ausby was acting "in the course and scope of his employment" with Carolina Cargo at the time of the accident).  Although Ordonez had alleged the same, *see* Original Pet. at 4–5, he now challenges this fact, which the Court will discuss *infra*.  Ausby and Carolina Cargo also switched positions, first denying this fact, *see* Answer ¶ 7, then admitting it, *see* Stipulation.

[5] *E.g.*, Police Officer's Crash Report at 1–2.

[6] *See, e.g.*, Mot. at 2 ("The subject action arises from a motor vehicle accident."); Police Officer's Crash Report at 2 (explaining that Ausby's vehicle struck Ordonez's vehicle "in the left rear quarter panel").

[7] Original Pet. at 3.

[8] Ordonez also brings negligence and respondeat superior claims against Ausby and Carolina Cargo, respectively.  Original Pet. at 3–5.  Ausby and Carolina Cargo don't seek summary judgment in their favor on those claims, so the Court will not address them here.  *See generally* Mot.

56(a).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations omitted).  And a dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357–58 (5th Cir. 2017).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (cleaned up).  "Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *McCarty*, 864 F.3d at 357 (cleaned up).

In ruling on a motion for summary judgment, "courts must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."  *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020).  But if, under the facts so construed, the non-movant's claim fails as a matter of law, the Court must grant summary judgment.  *See, e.g.*, *Talasek v. Nat'l Oilwell Varco, LP*, 16 F.4th 164, 168–70 (5th Cir. 2021) (affirming district court's order granting summary judgment to defendant because the plaintiff's claim "fail[ed] as a matter of law"); *Muniz v. El Paso Marriott*, 773 F. Supp. 2d 674, 678–80 (W.D. Tex. 2011).

**B.  Ordonez's Direct Negligence Claims against Carolina Cargo**

Ordonez claims that Carolina Cargo is directly liable for negligently hiring, qualifying, training, entrusting, supervising, and retaining Ausby.  Original Pet. at 5.  Carolina Cargo argues that these direct negligence claims fail as a matter of law because it has stipulated that Ausby was acting in the course and scope his employment during the accident.  *See* Mot. at 3–5; Stipulation.  In other words, Carolina Cargo says that because it would be vicariously liable under the theory of respondeat superior should the jury find Ausby acted negligently, Ordonez cannot present his direct negligence claims to the jury.  Mot. at 3–5; Reply at 3–8.  Ordonez counters that Carolina Cargo cannot unilaterally stipulate to vicarious liability and that he has the right to pursue direct negligence claims as alternative theories of liability.  Resp. at 4–13. Carolina Cargo's argument ultimately carries the day.

Under Texas law,[9] the theory of respondeat superior provides that "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment."  *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).  Whether respondeat superior applies can be a fact-intensive question, *see id.*, but an employer can also stipulate (or admit) that an employee was acting within the course and scope of his employment, *see, e.g.*, *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App. 2002).  If an employer stipulates to vicarious liability—that is, the employer stipulates that its employee was acting within the course and scope of his employment—that can affect the viability of a plaintiff's negligence claims asserted directly against the employer.

That's because Texas courts have held that respondeat superior and direct negligence claims can be "mutually exclusive modes of recovery."  *See, e.g.*, *Rosell*, 89 S.W.3d at 654.

---

[9] Texas substantive law applies in this diversity case.  *E.g.*, *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991)).

Indeed, they "*are* mutually exclusive modes of recovery" when a plaintiff alleges only ordinary negligence (rather than gross negligence) and the employer admits to vicarious liability.  *Id.* (emphasis added); *Arrington's Estate v. Fields*, 578 S.W.2d 173, 178 (Tex. App. 1979) (collecting cases and concluding same).[10]  So, for example, if an employer has stipulated to vicarious liability, a plaintiff who alleges only ordinary negligence cannot recover under a negligent hiring claim *on top of* a theory of respondeat superior.  *See, e.g.*, *Robinson v. Melton Truck Lines, Inc.*, No. SA-20-cv-0269-JKP, 2022 WL 174520, at *7 (W.D. Tex. Jan. 18, 2022) ("[W]hen an employer has stipulated to vicarious liability, a plaintiff cannot recover twice on an ordinary negligence claim—once for the employee's negligence in causing the plaintiff's injury, and again for the employer's negligence in hiring the employee."); *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009) ("[I]f vicarious liability is not contested, the employee's competence and the employer's own negligence in hiring, failing to properly train, or negligently supervising become irrelevant, as long as a plaintiff pleads ordinary negligence.").

This is grounded in the fact that both respondeat superior and theories of direct negligence, if successful, ultimately hold the employer liable as if the employer were the employee who committed the negligent act.[11]  *See, e.g.*, *Bedford v. Moore*, 166 S.W.3d 454, 461

---

[10] *See also Cornejo v. EMJB, Inc.*, SA-19-CV-01265-ESC, 2021 WL 4526703, at *8 (W.D. Tex. Oct. 4, 2021) ("Texas law 'instructs that where a plaintiff alleges ordinary (rather than gross) negligence, and the employer stipulates to its vicarious liability for its employee's negligence, a respondeat superior claim and the type of direct negligence claims asserted here are mutually exclusive means of recovering from the employer.'" (quoting *Sanchez v. Transportes Internacionales Tamaulipecos S.A. de C.V.*, No. 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017))).

[11] This assumes that a plaintiff's direct negligence theory tries to hold the employer responsible for the incident the employee allegedly caused.  Although direct negligence claims (sometimes called derivative liability theories) are "distinct acts of negligence, . . . the distinct negligent act of hiring or entrusting, standing alone, is wholly dependent for causation upon the actions of the person who directly caused the accident, as in the respondeat superior situation."  *Plascencia v. Hillman*, EP-19-CV-40-PRM, 2019 WL 4087439, at *5–6 (W.D. Tex. July 3, 2019) (quoting *Bedford*, 166 S.W.3d at 461).  In other words, unless a plaintiff alleges that the employer separately contributed to the cause of the incident, once a direct negligence theory (such as negligent entrustment) "is established, liability for the employee's

(Tex. App. 2005) (explaining that a jury does not apportion responsibility between employer and employee under respondeat superior "because the employer and employee are considered to be one and the same"); *Rosell*, 89 S.W.3d at 657 ("Once negligent hiring or entrustment is established, the []employer is liable for the acts of the driver, and the degree of negligence of the []employer is of no consequence.").[12]  That's so because to succeed on either a respondeat superior claim or a direct negligence claim, a plaintiff must prove that the employee proximately caused the injury.  *See, e.g.*, *Endeavor Energy Res., LP v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019); *Bedford*, 166 S.W.3d at 461.  So both respondeat superior and direct negligence theories can hold an employer liable for the conduct of its employee and thus, under the circumstances described, they are "mutually exclusive modes of recovery."  *See, e.g.*, *Rosell*, 89 S.W.3d at 654.

---

negligent [act] is passed on to the employer, and the employer's acts are of no consequence in determining its degree of responsibility"—that is, the employer would be held responsible for the employee's acts, no matter the possible degree of fault attributed to its negligence entrustment.  *See Williams*, 671 F. Supp. 2d at 891; *see also Bedford*, 166 S.W.3d at 461–62 (explaining the difference between "concurrent tortfeasors"—for example, the employer and employee separately contribute to the cause of an incident—and direct negligence claims like negligent hiring and entrusting).  *Compare Williams*, 671 F. Supp. 2d at 891 (granting summary judgment on plaintiff's direct negligence claims), *with Pilgrim's Pride Corp. v. Burnett*, No. 12-10-00037-CV, 2012 WL 381714, at *12 (Tex. App. Feb. 3, 2012) (allowing jury to decide whether employer had separately contributed to an accident because the plaintiff alleged the employer failed to safely equip the vehicle, which may have independently contributed to the cause of the incident).

[12] This Court recognizes that the *Bedford* court allowed jury instructions in a respondeat superior/negligent entrustment and hiring case to "include the alleged negligent hiring or entrusting employer in an initial liability question and in the comparative negligence questions."  *Beford*, 166 S.W.3d at 462–63.  But as the court in *Plascencia* explained, the reasoning of *Bedford*'s holding is anchored in a later-withdrawn Supreme Court of Texas opinion.  *Plascencia*, 2019 WL 4087439, at *5–6 (discussing *F.F.P. Operating Partners, LP v. Duenez*, 237 S.W.3d 680 (Tex. 2007) and *Bedford*, 166 S.W.3d at 462–63).  For the reasons explained in *Plascencia*, this Court is not convinced that *Bedford* contradicts the proposition that an employer can be held wholly liable for the acts of its employee under direct negligence theories, such as negligent hiring and entrustment, when the plaintiff does not allege that the employer separately contributed to the cause of the incident.  *See Plascencia*, 2019 WL 4087439, at *5–6 (concluding that "because [d]efendant [] has stipulated to vicarious liability and [p]laintiff does not allege gross negligence, [p]laintiff cannot proceed with his direct liability claims against [d]efendant").

Though it's typically the case that plaintiffs can plead and argue alternative theories of liability, FED. R. CIV. P. 8(d)(2)–(3), as Ordonez points out, Resp. at 9–13, courts are consistent in this regard: although a plaintiff may have pleaded respondeat superior and direct negligence as alternative theories of liability, the case cannot go to the jury on both theories under the circumstances described above.[13]  This makes sense for practical reasons.  Keeping in mind that a plaintiff can only recover once for an employee's negligence, it's simpler to proceed to trial on a theory of respondeat superior.  After an employer stipulates to vicarious liability, all a plaintiff must prove to recover from the employer is that the employee was negligent—which is something a plaintiff must prove anyway to recover under a theory of direct liability.  *See, e.g.*, *Bedford*, 166 S.W.3d at 461–62 (explaining that a successful negligent hiring or entrusting claim "is wholly dependent for causation" on the employee's acts).

Think of it this way: Once the employer admits to vicarious liability, if the jury determines that the employee was negligent, then the employer "has conceded liability for those damages regardless of whether [the employee] was qualified or adequately trained." *Sanchez*, 2017 WL 3671089, at *2; *see also Cornejo*, 2021 WL 4526703, at *8 (concluding same).  If, on the other hand, the jury finds that the employee was not negligent, "then any negligence on the part of [the employer] in its hiring, supervision, training, or retention of [the employee] could not have served as the proximate cause of [p]laintiff's damages." *Sanchez*, 2017 WL 3671089, at *2; *see also Cornejo*, 2021 WL 4526703, at *8 (concluding same).  Put differently, respondeat

---

[13] *See, e.g.*, *Rosell*, 89 S.W.3d at 653–56 (concluding that the trial court appropriately excluded the employer from the negligence jury charge because the employer had stipulated to vicarious liability and thus the employer "would be liable for its employee's negligence" anyway; in other words, "there was no necessity for including [the employer] in the ordinary negligence question"); *Sanchez*, 2017 WL 3671089, at *2–3 (granting summary judgment for employer on the plaintiff's "negligent hiring, supervision, training, and retention claims" because the employer had "stipulate[d] to its vicarious liability"); *Cornejo*, 2021 WL 4526703, at *8 (same).

superior and direct liability are redundant under these circumstances.  Thus, only one theory needs to proceed to trial, and sending the respondeat superior claim to the jury is the clearer and more efficient approach.  *See Rosell*, 89 S.W.3d at 656 (explaining that the trial court's inclusion of respondeat superior, and exclusion of direct liability, jury instructions was "logical, simple, and clear").

Turning to this case, Carolina Cargo stipulates that Ausby was acting in the course and scope of his employment during the incident.  *See* Stipulation.  Moreover, Ordonez does not allege gross negligence.  *See generally* Original Pet. at 1–7.  Nor does he allege Carolina Cargo separately caused the accident.  *See generally id.*  Ordonez is thus precluded from sending his direct negligence claims against Carolina Cargo to the jury—namely, his claims of negligent hiring, qualifying, training, entrusting, supervising, and retaining.  *See, e.g.*, *Rosell*, 89 S.W.3d at 654; *Arrington's Estate*, 578 S.W.2d at 178;[14] *see also* Original Pet. at 5.  What Ordonez might recover from Carolina Cargo on those claims can be recovered through his ordinary negligence claim because Carolina Cargo has stipulated to vicarious liability.

Ordonez resists this conclusion.  It's true, what Ordonez says, that Carolina Cargo initially denied Ordonez's allegation that Ausby was acting within the course and scope of his employment during the incident.  *Compare* Original Pet. at 4, *with* Answer, ECF No. 5 ¶ 6.  It was not until Carolina Cargo and Ausby filed their Motion that Carolina Cargo admitted Ausby

---

[14] *See also, e.g.*, *Cornejo*, 2021 WL 4526703, at *8 (granting summary judgment for employer on plaintiff's claims of negligent "hiring supervision, training, [and] retention"); *Plascencia*, 2019 WL 4087439, at *6 (granting summary judgment for employer on plaintiff's claims of "negligent hiring, negligent qualifying, negligent supervision, negligent entrustment, negligent training, and negligent retention"); *Sanchez*, 2017 WL 3671089, at *3 (granting summary judgment for employer on plaintiff's "negligent hiring, supervision, training, and retention claims"); *Williams*, 671 F. Supp. 2d at 889 (granting summary judgment for employer on plaintiff's "negligent hiring, supervision, training, and retention" claims because plaintiff alleged only ordinary negligence and the employer stipulated to vicarious liability).

was acting in the course and scope of his employment.[15]  *See* Stipulation.  Ordonez argues that
Carolina Cargo's late stipulation is ineffective because Ordonez did not consent to it.  *See* Resp.
at 4–8.

But Ordonez's consent is not required.  Carolina Cargo can unilaterally stipulate that
Ausby was acting in the course and scope of his employment,[16] and can do so while the case is
pending.  For example, in *Cornejo*, the court looked only to an employer-representative's
deposition and the employer's motion for summary judgment when it concluded that the
employer stipulated to vicarious liability.  2021 WL 4526703, at *8.  Moreover, there is little
reason to require consent to an employer's stipulation of vicarious liability because its stipulation
means that, to recover from the employer, a plaintiff need only prove that the employee acted
negligently, including that he was the proximate cause of the injury—again, something a plaintiff
would need to prove anyway under theories of direct liability.  *See, e.g.*, *Bedford*, 166 S.W.3d at
461–62.  And it's not as if a plaintiff can recover under both respondeat superior and direct

---

[15] Judicial estoppel does not apply here.  Judicial estoppel is a "doctrine [that] prevents a party
from asserting a position in a legal proceeding that is contrary to a position previously taken in the same
or some earlier proceeding."  *Gabarick v. Laurin Maritime (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014)
(quotation omitted).  There are two requirements for judicial estoppel.  First, a party's contrary position
"must be clearly inconsistent with its previous one."  *Id.* (quotation omitted).  Second, the party taking a
contrary position, "must have convinced the court to accept [their] previous position."  *Id.* (quotation
omitted).  The Court has not previously accepted the position Carolina Cargo took in its Answer.  Indeed,
this is the first opportunity the Court has had to address the parties' arguments.

[16] *See, e.g.*, *Rosell*, 89 S.W.3d at 654 ("*[The employer] stipulated* that [the employee] was acting
within the scope of his employment." (emphasis added)); *Robinson*, 2022 WL 174520, at *7 ("[W]hen *an
employer has stipulated* to vicarious liability, a plaintiff cannot recover twice on an ordinary negligence
claim." (emphasis added)); *Kuss v. Ulmer*, No. SA-19-cv-629-JKP, 2021 WL 1433062, at *5 (W.D. Tex.
Mar. 17, 2021) (holding that because *the employer* "stipulate[d] [the employee] was acting in the course
and scope of his work," the employer was "entitled to summary judgment on [the] [p]laintiff's negligent
hiring, negligent training, negligent supervision, and negligent qualification claims"); *Sanchez*, 2017 WL
3671089, at *2 (explaining that when "*the employer stipulates* to its various liability for its employee's
negligence," and the plaintiff alleges only ordinary negligence, there can be no direct negligence claim
against the employer (emphasis added)).

liability when causation depends on the employee's acts. *See, e.g.*, *Rosell*, 89 S.W.3d at 654 (explaining that these theories "are mutually exclusive modes of *recovery*" (emphasis added)).

Accordingly, Carolina Cargo is entitled to summary judgment on Ordonez's direct negligence claims against it because they fail as a matter of law.

### C.  Ordonez's Negligence Per Se Claims against Ausby

"Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997).  But not all penal statutes can support a negligence per se claim.  If a penal statute "define[s] a mandatory standard of *conduct*," rather than "a standard of *care*," it can support a negligence per se claim. *See, e.g.*, *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455–56 (Tex. App. 2002) (collecting cases).  If, however, a penal statute does not impose a mandatory standard of conduct, but instead imposes the reasonably prudent person standard, the statute cannot support a negligence per se claim. *See, e.g.*, *Smith*, 940 S.W.2d at 607; *Pruski v. Garcia*, 594 S.W.3d 322, 326 (Tex. 2020); *Waring v. Wommack*, 945 S.W.2d 889, 891–92 (Tex. App. 1997); *Powell v. Keeley*, 795 F. Supp. 2d 587, 592–94 (S.D. Tex. 2011).

This rule too is based on clarity and efficiency.  When a penal statute merely imposes the reasonably prudent person standard, "it is redundant to submit a question on the statutory standard or to instruct the jury regarding it," because the "negligence per se standard is subsumed under the broad-form negligence question." *Powell*, 795 F. Supp. 2d at 593 (quoting *Supreme Beef*, 67 S.W.3d at 456); *see also Miller v. Transp. Depot Produce & Dry, Inc.*, No. 5:15-CV-819-DAE, 2017 WL 11026885, at *5 (W.D. Tex. Aug. 1, 2017) (quoting *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979)).  Summary judgment is thus

appropriate as a matter of law when a party brings a negligence per se claim under a penal statute that merely incorporates the reasonably prudent person standard.  *See, e.g.*, *Robinson*, 2022 WL 174520, at *5–6.

To decide whether a penal statute incorporates the reasonably prudent person standard, courts ask whether the statute "imposes a conditional duty" rather than "an absolute duty." *Miranda-Lara v. Rebert*, No. 09-18-00325-CV, 2020 WL 5099968, at *4–5 (Tex. App. Aug. 31, 2020); *see also Robinson*, 2022 WL 174520, at *5–6.  In the specific context of a statute that regulates drivers' conduct, courts ask whether the statute "leave[s] any room for the driver to make a discretionary call."  *See, e.g.*, *Miranda-Lara*, 2020 WL 5099968, at *4 (citing *Supreme Beef*, 67 S.W.3d at 456).  For example, a statute that requires a driver to "exercise due regard" and "proceed safely" allows the driver discretion and thus "imposes on the driver a duty of reasonable care, [which] preclude[es] a negligence per se" claim.  *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (per curiam).  By contrast, a statute that *requires* a driver to stop at train tracks once he hears "the engine g[i]ve the statutory audible signal," or when he sees "the train [is] plainly visible," creates an absolute duty (or mandatory standard of conduct) that supports a negligence per se claim.  *S. Pac. Co. v. Castro*, 493 S.W.2d 491, 495, 497–98 (Tex. 1973).

In this case, Ausby argues that Texas Transportation Code §§ 545.401 and 545.351—the only two statutes Ordonez specifically cited in his Original Petition—cannot form the basis of a negligence per se claim as a matter of law because they do not impose a mandatory standard of conduct.  Mot. at 6–8; *see also* Original Petition at 4.  Ordonez does not directly resist Ausby's argument.  *See generally* Resp.  Instead, Ordonez says that Ausby "misstate[s] the contours" of his claim and argues that he put Ausby on notice of negligence per se claims based on other

statutes not cited in his pleadings that he intends to present to the jury, such as one under Texas Transportation Code § 545.104. *Id.* at 13–16. Not so, says Ausby. Ordonez was required, according to Ausby, to identify in his pleading the specific statutes he intended to rely on for his negligence per se claims, and his failure to do so prevents him from presenting negligence per se claims under uncited statutes. Reply at 8–9.

The Court will begin with the two statutes Ordonez explicitly invoked in his Original Petition. After that, the Court will decide whether Ordonez pleaded any other negligence per se claims and, if he did, whether he may present them to the jury.

### 1.  *Texas Transportation Code § 545.401*

Section 545.401 prohibits reckless driving. "A person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE § 545.401(a). The willful or wanton disregard standard imposed by section 545.401 is not a "special standard of care"—that is, it does not impose a mandatory standard of conduct. *Williams v. Mutia*, No. 01-19-00340-CV, 2021 WL 3729312, at *7 (Tex. App. Aug. 24, 2021) (concluding same). Rather, it is a conditional standard; whether a driver willfully or wantonly disregarded the safety of others will depend on the circumstances of a particular incident. *See Robinson*, 2022 WL 174520, at *5–6 (concluding section 545.401 "leave[s] room for the driver to make a discretionary call"). Thus, section 545.401 "[can]not support a negligence per se claim," *Williams*, 2021 WL 3729312, at *7 (quotation omitted), so Ausby is entitled to summary judgment on Ordonez's claim under section 545.401.[17]

---

[17] From what this Court has found, every court in Texas—federal and state—to have directly addressed this issue has concluded that section 545.401 does not support a negligence per se claim. *Williams*, 2021 WL 3729312, at *7; *Trinh v. Hunter*, No. SA-20-CV-00725-JKP, 2022 WL 6813293, at *6 (W.D. Tex. Oct. 11, 2022) ("Section 545.401(a) states an offense occurs when there is wilful or wanton disregard but it does not impose a special standard of care, and thus may not support negligence *per se*." (quotation omitted)); *Robinson*, 2022 WL 174520, at *5–6 (holding plaintiff's negligence per se

### 2. *Texas Transportation Code § 545.351*

Section 545.351 prohibits drivers from exceeding "a speed greater than is reasonable and prudent under the circumstances." TEX. TRANSP. CODE § 545.351(a); *see also id.* § 545.351(b)(1) ("An operator . . . may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing."). Texas law adds, in the context of highway driving, that a person must drive "in compliance with law and the duty of each person to use due care." *Id.* § 545.351(b)(2).

Section 545.351 simply "incorporate[s] the common law's ordinary standard of care." *Trinh*, 2022 WL 6813293, at *6; *see also Donahoe v. Jones*, No. 01-15-00191-CV, 2016 WL 796892, at *3 (Tex. App. Mar. 1, 2016). It, therefore, "does not support a negligence per se cause of action." *Hoffman v. Wright*, No. 11-12-00017-CV, 2014 WL 709557, at *3 n.3 (Tex. App. Feb. 21, 2014).[18] Ausby is thus entitled to summary judgment on Ordonez's negligence per se claim brought under section 545.351.[19] *See, e.g.*, *P.A.M. Cartage Carriers*, 2019 WL

---

claim under § 545.401 "fails as a matter of law" because the statute "leave[s] room for the driver to make a discretionary call"); *Rivera v. Thanh Chi Nguyen*, No. PE:18-CV-41-DC-DF, 2019 WL 4999055, at *4 (W.D. Tex. July 22, 2019), *report and recommendation adopted*, No. PE:18-CV-041-DC, 2019 WL 5026928 (W.D. Tex. Aug. 6, 2019) (recommending summary judgment for defendant on plaintiff's section 545.401 negligence per se claim).

[18] *See also Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App. 2007) (explaining same); *Donahoe*, 2016 WL 796892, at *3 ("Section 545.351 incorporate[s] the ordinary negligence standard and is not subject to a per se instruction." (cleaned up)); *Trinh*, 2022 WL 6813293, at *6 ("[C]ourts consistently determine Sections 545.351(a) . . . incorporate[s] the common law's ordinary standard of care and, therefore, a negligence *per se* cause of action based upon this statute is not cognizable."); *Rivera*, 2019 WL 4999055, at *4 (similar); *Ochoa v. P.A.M. Cartage Carriers, LLC*, No. 5:17-CV-787-XR, 2019 WL 360528, at *5 (W.D. Tex. Jan. 29, 2019); *Gould v. Wood*, No. 3:18-CV-786-K-BN, 2019 WL 1930053, at *6 (N.D. Tex. Apr. 4, 2019), *report and recommendation adopted*, No. 3:18-CV-786-K-BN, 2019 WL 1924820 (N.D. Tex. Apr. 29, 2019) (recommending same); *Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. 4:15CV15-LG, 2017 WL 5654909, at *3 (W.D. Tex. May 30, 2017) ("[Defendant] is also entitled to dismissal of the negligence per se claim[] based on section[] . . . 545.351 as a matter of law, in light of Texas precedent holding that a violation of [that] section[] does not constitute negligence per se.").

[19] Ordonez separately brings a negligence per se claim—without citation to a statute—for Ausby's alleged "[f]ailure to use due care and caution under the circumstances then existing." Original

360528, at *5 (granting summary judgment for defendant on plaintiff's section 545.351 negligence per se claim).

### 3. *Statutes Not Pleaded*

Claims first raised at summary judgment are "not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113–14 (5th Cir. 2005). That is to say, if a plaintiff did not assert a claim in his operative pleading, he cannot pursue that claim during summary judgment. *Id.* at 113 (upholding district court's decision not to address a claim that the plaintiff had "not raised in her complaint" and "raised for the first time in response to [defendant's] motion for summary judgment"). The question here is whether Ordonez, by failing to cite statutes other than Texas Transportation Code §§ 545.401 and 545.351 in his Original Petition, has failed to raise negligence per se claims based on other uncited provisions of Texas law.

Begin with what negligence per se requires. To succeed on a negligence per se claim, a plaintiff must be able to point to a statute he alleges the defendant violated. That's because "[n]egligence per se is a common-law doctrine in which a duty is imposed *based on a standard of conduct created by a penal statute*." *Smith*, 940 S.W.2d at 607 (emphasis added). Without a specific statute, it is impossible for anyone—an adversary, a court, a jury—to assess whether a party is liable under a negligence per se theory. *Eyer v. Rivera*, No. SA-17-CV-01212-JKP, 2019 WL 5543030, at *2 (W.D. Tex. Oct. 25, 2019) ("In pleading negligence per se, the plaintiff must cite a particular statute violated by the alleged conduct because 'without a citation to a

---

Petition at 4. This claim parrots language from section 545.351. *Compare* Original Petition at 4, *with* TEX. TRANSP. CODE § 545.351(a)–(b) (requiring drivers "to use due care" and to "not drive at a speed greater than is reasonable and prudent under the circumstances then existing"). Seeing no other section in the Texas Transportation Code on which Ordonez could be relying for this negligence per se claim, the Court grants Ausby and Carolina Cargo summary judgment on this claim for the reasons stated above.

statutory provision, the court is unable to determine whether the facts alleged state a violation of any statute.'" (quoting *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016))).

Accordingly, courts have routinely dismissed plaintiffs' negligence per se claims for failure to state a plausible claim for relief when they did not identify in their pleadings specific statutes that a defendant allegedly violated. *See, e.g.*, *Eyer*, 2019 WL 5543030, at *2; *Estrada v. Indus. Transit, Inc.*, No. 4:16-CV-013-DAE, 2016 WL 10967300, at *2–3 (W.D. Tex. Aug. 8, 2016) (dismissing plaintiff's negligence per se claims because he only alleged that defendant "was negligent per se in violation of Texas Transportation Code Chapter 545").[20]  That's because, by failing to point to specific statues, such plaintiffs often fail to give their adversaries "fair notice of what the[ir] claim is and the grounds upon which it rests." *See Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009); *Estrada*, 2016 WL 10967300, at *2 ("In Texas, where statutes contained within the Transportation Code govern over 100 roadway scenarios and impose both absolute duties and the reasonable person standard, failure to cite a specific statute fails to adequately put [a] [d]efendant on notice about the legal nature of the negligence per se claim." (quotation omitted)).  If a plaintiff has failed to give fair notice of a particular claim, then he cannot raise that claim at summary judgment because he did not properly plead it. *See, e.g.*, *Welch*, 776 F. Supp. 2d at 225–26 (discussing similar issue in summary judgment context).

---

[20] *See also In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mex., on Apr. 20, 2010*, 835 F. Supp. 2d 175, 182 (E.D. La. 2011), *aff'd sub nom. In re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014) ("[T]he complaints fail to plead any specific statutes on which the negligence per se claims are based; therefore, those claims are dismissed."); *Welch v. Loftus*, 776 F. Supp. 2d 222, 225–26 (S.D. Miss. 2011) ("The defendants are correct in their assertion that [plaintiff's] complaint includes no citation to a specific statute or regulation that stands violated by any defendant, and many federal courts have held that a plaintiff fails to satisfy the requirements of notice pleading for a claim of negligence *per se* when he does not identify which statutes the individual defendants allegedly breached.") (collecting cases).

But a citation is not a simple on-off switch.  A plaintiff who fails to cite a specific statute in his pleading may have still put defendants on notice of his negligence per se claim.  "So long as the [c]omplaint alleges particular conduct that clearly violates a statute or regulation, it pleads negligence *per se* with sufficient particularity."  *Welch*, 776 F. Supp. 2d at 225–26; *cf. Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (explaining that a plaintiff can survive a motion to dismiss even if they did not cite to the statute under which they request relief, so long as they plead the "factual basis for their complaint").  For example, in *Welch*, the court held the plaintiff's allegation that the defendant "failed to exercise the duties imposed upon him of due care by failing to yield the right of way" was sufficient to state a negligence per se claim under the statute addressing that conduct, even though the plaintiff did not explicitly cite the relevant statute.  *See Welch*, 776 F. Supp. 2d at 226 (cleaned up) (denying summary judgment).  In sum, while citing to a particular statute when pleading a negligence per se claim is no doubt best practice, the failure to do so is not necessarily fatal.

Here, Ordonez pleaded the following negligence per se theories against Ausby:

1. Unsafe driving;
2. Failure to stay in his designated lane;
3. Driving reckless in violation of Tex. Transp. Code Ann. § 545.401;
4. Failure to turn in a safe manner;
5. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann. § 545.351;
6. Failure to safely apply brakes to avoid an incident;
7. Failure to honk and give adequate warning of the impending danger;
8. Failure to pay attention;
9. Failure to take evasive action;
10. Failure to use due care and caution under the circumstances then existing;
11. Failure to use due care in operating a motor vehicle. ([Tex.] Transp[.] Code § 545.351[)];
12. Other acts of negligence.

Original Pet. at 4.  The Court has already dealt with numbers 3, 5, 10, and 11.  *See supra*

Sections II.C.1–2.  It will now consider whether Ordonez's remaining negligence per se claims

put Ausby on sufficient notice regarding which statutes Ordonez claims Ausby violated.

### a. Failure to Stay in Designated Lane and Texas Transportation Code § 545.060

Ordonez pleaded with sufficient particularity his claim that Ausby committed negligence

per se by failing to stay in his designated lane.  There is a provision in the Texas Transportation

Code that directly addresses a driver's duty to stay in his lane.

Section 545.060 requires drivers to "drive as nearly as practical entirely within a single

lane."  TEX. TRANSP. CODE § 545.060(a)(1).  That section also states that drivers "may not move

from the lane unless that movement can be made safely."  *Id.* § 545.060(a)(2).

Section 545.060, however, merely "incorporate[s] the common law's ordinary standard

of care," and thus does not support a negligence per se action.  *Trinh*, 2022 WL 6813293, at *6

(granting summary judgment for defendant); *see also, e.g.*, *Gore*, 233 S.W.3d at 913 (explaining

that section 545.060 "incorporate[s] the ordinary negligence standard"); *Claybook v. Time*

*Definite Servs. Transp., LLC*, No. 4:15-CV-763-A, 2016 WL 3963025, at *3 (N.D. Tex. July 16,

2016) (similar).  Ausby is thus entitled to summary judgment on Ordonez's negligence per se

claim under Texas Transportation Code § 545.060.

### b. Failure to Apply Brakes and Texas Transportation Code § 545.062

Ordonez also pleaded with sufficient particularity his claim that Ausby's alleged failure

to safely apply his brakes may have caused the accident.  *See* Original Pet. at 4.  The Court was

easily able to locate a provision that arguably applies to this allegation.

That provision requires drivers to "maintain an assured clear distance between the two

vehicles so that, considering the speed of the vehicles, traffic, and conditions of the highway, the

operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." TEX. TRANSP. CODE § 545.062(a).  At its core, this provision requires a driver to examine the context in which he is driving and conduct himself in a manner that allows him to "safely stop" should he need to.  *See id.*

Section 545.062 plainly incorporates the reasonably prudent person standard.  In fact, the Supreme Court of Texas has ruled that the predecessor to this provision could not support a negligence per se claim because it "impose[d] on the driver a duty of reasonable care." *La.-Pac.*, 976 S.W.2d at 675 (discussing TEX. RIV. CIV. STAT. art. 6701d, § 61(a)).  Ausby is thus entitled to summary judgment on Ordonez's negligence per se claim under Texas Transportation Code § 545.062.

### c.  Failure to Turn Safely and Texas Transportation Code § 545.103

Ordonez pleaded with sufficient particularity his claim that Ausby committed negligence per se by failing to turn in a safe manner.  Original Pet. at 4.  There is a provision in the Texas Transportation Code that directly addresses a driver's duty to turn safely.

Section 545.103 prohibits a driver from "turn[ing] the vehicle . . . or mov[ing] right or left on a roadway unless movement can be made safely." TEX. TRANSP. CODE § 545.103.

But like the others, this provision "does not create an absolute duty;" rather, it holds drivers "to the standard of care exercised by an ordinarily prudent person." *Powell*, 795 F. Supp. 2d at 594; *see also Johnson v. Cont. Freighters, Inc.*, No. 4:21-CV-00879, 2022 WL 12097254, at *2 (S.D. Tex. July 26, 2022), *report and recommendation adopted*, No. 4:21-CV-00879, 2022 WL 12097200 (S.D. Tex. Aug. 11, 2022) (similar); *King v. Cardinal Servs., LLC*, No. 2:19-CV-00217-RSP, 2021 WL 1379160, at *3 (E.D. Tex. Apr. 11, 2021) (declining to give jury instruction on negligence per se claim under section 545.103); *Ochoa v. Mercer Transp. Co.*, No.

5:17-CV-1005-OLG, 2018 WL 7505640, at *3 (W.D. Tex. Dec. 10, 2018) (granting summary judgment for defendant on a section 545.103 claim); *Estrada*, 2016 WL 10967300, at *2. Ausby is thus entitled to summary judgment on Ordonez's negligence per se claim under Texas Transportation Code § 545.103.

### d.  Failure to Turn Safely and Texas Transportation Code § 545.104

Not in his Original Petition, but in his Response to Ausby and Carolina Cargo's Motion, Ordonez argues that Ausby failed to use a turn signal in violation of Texas Transportation Code § 545.104(a).[21] *Compare* Original Pet. at 4, *with* Resp. at 14–16.  Ordonez suggests that his claim that Ausby committed negligence per se by failing "to turn in a safe manner" encompasses section 545.104(a) such that he stated a viable negligence per se claim under the provision.  *See* Resp. at 14–15.

The Court is hardly confident Ordonez's allegation in his Original Petition effectively put Ausby on notice of a negligence per se claim for failure to use a turn signal.  But the Court need not decide that question, because even if Ordonez had put Ausby on notice, and even if section 545.104 supported a negligence per se claim, this Court would still conclude what it does today: Ordonez identified no specific facts in the summary judgment record showing that there is a genuine issue for trial on this point.

None of the evidence Ordonez provided supports the allegation that Ausby did not use a turn signal.  *See generally* Resp.; Resp. Exs. 1–5, ECF No. 61-1.  For that matter, none of the evidence Ausby and Carolina Cargo provided does either.  *See generally* Mot.; Mot. Exs. A–H, ECF No. 55.  In fact, Ordonez does not even cite evidence to support this allegation in his Response, despite first raising the claim in it.  *See* Resp. at 14–19.

---

[21] This section requires, in part, drivers to use a turn signal "to indicate an intention to . . . change lanes . . . ."  TEX. TRANSP. CODE § 545.104(a).

Ordonez tries to save this allegation by saying Ausby failed to stay in his lane.  *See* Resp. at 14–15; Resp. Ex. 5.  But that allegation, and the evidence to support it, *see, e.g.*, Police Officer's Crash Report at 1–4, says nothing about whether Ausby used a turn signal.  A driver could just as easily unsafely depart from his lane while using a turn signal as he could without using one.  In sum, Ordonez has not identified any "specific facts showing that there is a genuine issue for trial" over whether Ausby used a turn signal at the time of the accident.  *See McCarty*, 864 F.3d at 357 (cleaned up).  Ausby is entitled to summary judgment insofar as Ordonez pleaded a negligence per se claim under Texas Transportation Code § 545.104.

### e.  Ordonez's Remaining Negligence Per Se Claims

The rest of Ordonez's negligence per se claims do not appear to have corresponding statutes in the Texas Transportation Code.  Because a negligence per se claim requires a plaintiff to identify a specific penal statute, *see, e.g.*, *Eyer*, 2019 WL 5543030, at *2, Ordonez's failure to state a claim that has a corresponding statute is alone sufficient to grant Ausby's motion for summary judgment as it applies to the following negligence per se claims:

1.  Unsafe driving;
2.  Failure to honk and give adequate warning of the impending danger;
3.  Failure to pay attention;
4.  Failure to take proper evasive action; and
5.  Other acts of negligence.

*See, e.g.*, *Eyer*, 2019 WL 5543030, at *2; *see also* Original Petition at 4.

Even if there were corresponding statutes that addressed above conduct, it is highly unlikely they would support a negligence per se claim.[22]  Items one through five provide a driver

---

[22] To arrive at this conclusion, the Court assumes that the corresponding statute would be worded in the same or substantially similar manner as Ordonez presents his claims.  The Court must make this assumption, otherwise it will be left to search through all the potentially relevant statues and build Ordonez's case for him, which is not its responsibility.  That the Court would need to do that intensive search only highlights Ordonez's failure to give adequate notice of the negligence per se claims he says he has pleaded.

with room "to make a discretionary call." *Miranda-Lara*, 2020 WL 5099968, at *4. For example, a prohibition against "unsafe driving" would rely on the ordinary person standard of care, which would not support a negligence per se action. *See La.-Pac. Corp.*, 976 S.W.2d at 675 ("[A] statute that requires a driver proceed *safely* imposes on the driver a duty of reasonable care."). So too with respect to a duty to take evasive action. *See, e.g.*, *Fannin v. Hall*, 561 S.W.2d 952, 956 (Tex. App. 1978) (explaining, in a car wreck case, that to find proximate cause "there must be facts . . . from which the jury could have inferred that a proper lookout would have revealed something to [defendant] which, if seen, would have alerted *an ordinary prudent person* to the danger at such time and distance that evasive action could have been taken in order to prevent the accident" (emphasis added)). As for item six—other acts of negligence—that could encompass the "over 100 roadway scenarios" contemplated by Texas's Transportation Code. *See Estrada*, 2016 WL 10967300, at *2. Such a claim does not "adequately put [Ausby and Carolina Cargo] on notice about the legal nature of the negligence per se claim." *Id.* Summary judgment against Ordonez is thus appropriate with respect to his remaining negligence per se claims.

### III.   CONCLUSION

For the reasons explained, the Court **GRANTS** Ausby and Carolina Cargo's "Motion for Partial Summary Judgment" (ECF No. 55).

**So ORDERED and SIGNED this 18th day of January 2023.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**